■ ALICE E. COMSTOCK, Respondent, v. KENNETH J. MORRAY, Appellant.— Appeal from an order and judgment of the Supreme Court at Special Term, entered April 26, 1973 in Schenectady County, which awarded plaintiff a money judgment for disbursements she allegedly made on behalf of an infant son of the parties. Formerly husband and wife, the parties were married on August 25, 1943 and were granted a bilateral Mexican divorce on August 31, 1967. Two children were born of this marriage, a son Jeffrey who is now emancipated and a son David born on June 7, 1953. Suffering from cerebral palsy, spastic-ataxic, David is totally disabled and unable to support himself. On August 30, 1967 the parties entered into a separation agreement which was incorporated but not merged in the divorce decree obtained the following day. Pursuant to that agreement, defendant's maximum financial obligation for the support, care and maintenance of David is $4,479.96 per year. He is also obligated to provide schooling for David until he reaches 21 years of age and to make provision for him to attend summer camp. The subject matter of the present dispute is disbursements in the sum of $2,180.63 made by plaintiff in behalf of David from October 1, 1971 to October 1, 1972 during which time she received no money from defendant. Defendant maintains that, since during the same time period he expended $5,493.44 for David's support, care, maintenance and education at Crotched Mountain Rehabilitation Center and Camp Jawanie, summer camp, and $1,228.32 as final payment on a wheelchair and bath chair for David, he has already exceeded his maximum financial obligation for that period and need

not reimburse plaintiff. Special Term ruled that plaintiff was entitled to judgment in the amount of $2,180.63, which amount included an award of counsel fees in the sum of $250. On this appeal, the principal question presented is whether defendant met his support obligation to his disabled son; and we find the record herein inadequate for a proper resolution of this issue. We would note, however, that it is well-settled law that, where provision for child support by the father is made by incorporation of a separation agreement into a divorce decree, the decree limits the father's support obligation until modified by the court (*Horne* v. *Horne*, 22 N Y 2d 219; *McManus* v. *McManus*, 39 A D 2d 775). Accordingly, defendant's maximum obligation for support here is $4,479.96. Furthermore, it is obvious that this obligation was at least partially satisfied by the payments to the rehabilitation center and summer camp and for the wheelchair and bath chair. After an appropriate hearing, these expenditures may then be allocated between those, which are strictly educational expenses and those which are for general support, and that portion applicable to support must then be deducted from defendant's total annual obligation of $4,479.96 to determine any amount still owing to David from his father. Only to the extent that there is some such support still due may defendant be required to reimburse plaintiff. Defendant's remaining contention, that plaintiff failed to prove that the Mexican divorce decree was final and nonmodifiable, is without merit (cf. *Schoenbrod* v. *Siegler*, 20 N Y 2d 403). Order and judgment reversed, on the law and the facts, and matter remitted to Special Term for appropriate findings and further proceedings not inconsistent herewith. Sweeney, Main and Reynolds, JJ., concur; Herlihy, P. J., and Staley, Jr., J., dissent and vote to affirm in a memorandum by Herlihy, P. J. Herlihy, P. J. (dissenting): The interpretation of the record herein by the majority as being inadequate to support the judgment of Special Term would appear to be based upon a sophisticated interpretation of the obligations of the defendant not ordinarily indulged in as regards separation agreements. It is undoubtedly true that pursuant to the provisions of the separation agreement which obligated the defendant to make direct payments to his wife for the support of their son David, the maximum amount payable to the plaintiff would be approximately $4,480 per year. The plaintiff does not contend that she would be entitled to receive reimbursement for any moneys expended for the general support of David in excess of $4,480 per year and it is abundantly certain that in the present case she is not in any way seeking to expand the general support obligation of the defendant. The separation agreement after spelling out the support obligation of the defendant in paragraph 3 went on in paragraph 4 in regard to custody to provide in subparagraph (c) thereof that David " may require private, residential, or day-schooling. The party of the first part [defendant] agrees to provide such schooling to the best of his ability until David reaches twenty-one years of age." It is thus readily apparent that in addition to the general support payments payable to the plaintiff which payments, as a matter of law, recognize the necessity of the plaintiff having to maintain a sufficient home and facilities for David at all times whether he is physically present at all times or not, the defendant undertook an obligation to provide for the residential education of David. Of the amount of $5,238.44 which the defendant paid to the Crotched Mountain Rehabilitation Center as charges related to the residential education of David at such Center, at most $971.32 *might* be considered as moneys expended for other than educational purposes. Additionally, it appears that the defendant paid the sum of $1,228.32 for special physical aids required by David and which for present purposes *might* be assumed to be related to support as opposed to education. It thus appears that as against the defendant's fixed obligation to pay

to the petitioner the sum of $4,480 for the same period in question, he might at most be allowed a credit of $2,199.64. The judgment appealed from is for a total of $2,180.63, thus establishing that at most for the year in question, the defendant is being required to pay $4,380.27 for the support of his son David. It is readily apparent that such sum does not exceed the obligation of $4,480 and, accordingly, there is no necessity for the remittal of this proceeding for any further clarification. The judgment should be affirmed.